William F. TYLER

v.

R. C. CROOM, Captain, Prison Unit No.
026, Burgaw, N. C.

Civ. No. 1966.

United States District Court
E. D. North Carolina,
Raleigh Division.

Aug. 26, 1968.

Daniel Lee Brawley, Wilmington, N. C., for petitioner.

T. Wade Bruton, Atty. Gen. of North Carolina, by Theodore C. Brown, Jr., Staff Atty., Raleigh, N. C., for respondent.

OPINION AND SUPPLEMENTAL
ORDER

BUTLER, Chief Judge.

This is a motion in the cause by William F. Tyler, a state prisoner, alleging that the State of North Carolina has not afforded him a plenary post-conviction hearing within a reasonable time in accordance with the Opinion and Order of this court entered on February 27, 1967. Tyler v. Croom, 264 F.Supp. 415 (E.D.N.C.1967). In that opinion we abstained from a determination of petitioner's application for a writ of habeas corpus and remitted petitioner to the state courts for an evidentiary hearing. We directed the State to file with the Clerk of this court a statement certifying whether the State desired to afford petitioner a plenary post-conviction hearing. We further ordered that if the State did elect to afford such a hearing, that it do so within a reasonable time.[1]

On March 16, 1967, the State filed a certificate stating that the Superior Court of New Hanover County had appointed an attorney to represent petitioner and that "the matter will come on for hearing at a future date, in all probability during the week of March 27, 1967, and that thereafter, after conferring with an attorney, a date for the hearing will be satisfied (sic) and the matter will be heard thereinafter."

On July 30, 1968, the State having failed to afford petitioner a plenary post-conviction hearing, this court appointed counsel for petitioner and entered an order directing the State of North Carolina to show cause why a writ of habeas corpus should not be issued releasing the petitioner from all restraint by virtue of the sentence of 8 to 10 years imprisonment imposed at the August 1965 Term of New Hanover County Superior Court for failure of the State to afford petitioner a post-conviction hearing within a reasonable time.

On August 7, 1968, upon return of the order to show cause, an evidentiary hearing was held. From the stipulations of counsel and the evidence there offered, the court makes the following findings of fact:

1. That the petitioner was convicted of common law robbery by a jury at the August 1965 Session of the Superior Court of New Hanover County, North Carolina, upon his plea of not guilty, and was sentenced to imprisonment for a term of 8 to 10 years.

2. That said conviction was affirmed by the Supreme Court of North Carolina on March 23, 1966. State v. Tyler, 266 N.C. 753, 147 S.E.2d 180.

3. That petitioner was represented on his appeal by A. A. Canoutas, court assigned counsel, who continued to represent petitioner until he was relieved by order of the State court on May 20, 1968.

4. That an application for post conviction relief under the North Carolina statute[2] may be heard at any civil, criminal, or mixed session of court, or by a judge in chambers.

5. That 21 post-conviction hearings have been held in New Hanover County, involving 22 petitioners, and final orders entered, in cases in which the petitions for post-conviction relief were filed since this court's order of February 27, 1967, allowing the state a reasonable time to afford the petitioner, William F. Tyler, a post-conviction hearing, and since March 15, 1967, when the State affirmed its intention to grant such hearing.

6. That from February 27, 1967, to and including the week of August 12, 1968,[3] sixty-one weeks of superior court were held in New Hanover County at which Tyler could have been given a post-conviction hearing. Also, the resident judge of the Superior Court of New Han-

[1] In United States ex rel. Singer v. Myers, 384 F.2d 279 (3 Cir. 1967), the Court of Appeals for the Third Circuit expressed its approval of the procedure adopted by this court in *Tyler*.

[2] N.C.Gen.Stat. § 15–217 et seq.

[3] Tyler's case was not calendared for hearing during the two-week criminal session in New Hanover County convening on August 5, 1968.

over County was available to hear said petition in chambers in Wilmington, North Carolina, at all reasonable times from February 27, 1967, to date, upon request of the State Solicitor.

7. That the failure of the State to afford petitioner a post-conviction hearing has not been caused by any act of the petitioner or his court-assigned counsel.

8. That petitioner's court-assigned counsel has requested the Superior Court of New Hanover County to conduct petitioner's post-conviction hearing as soon as possible.

9. That approximately twenty-eight months have elapsed since April 5, 1966, when petitioner filed his application for a post-conviction hearing, and more than seventeen months have elapsed since entry of this court's order of February 24, 1967, and more than sixteen months have elapsed since March 16, 1967, when the State indicated its intention to grant petitioner a hearing.

10. That the State has not yet afforded petitioner a plenary post-conviction hearing and adjudicated his constitutional rights.[4]

■ Upon the foregoing findings of fact, the court concludes that the State of North Carolina has not afforded the petitioner a post-conviction hearing within a reasonable time.

The question now presented is whether North Carolina's failure to conduct a post-conviction hearing within a reasonable time has deprived petitioner of equal protection or due process of law, entitling him to federal habeas corpus relief.

■ The States are under no duty to provide appellate or collateral review of criminal convictions. However, it is well settled that where a state has under-

taken to provide appellate procedures, direct appeal becomes a right which must be available to all on equal terms. Dowd v. United States ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 95 L.Ed. 215 (1951); Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Entsminger v. State of Iowa, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed.2d 501 (1967); Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Where a state provides post-conviction procedures, we do not perceive any reason for distinguishing between the right of direct appeal and the right of collateral review, where the allegations in the collateral proceeding are dehors the record and constitute a prima facie case of constitutional deprivation. See Whitney v. State of Florida, 389 U.S. 138, 88 S.Ct. 314, 19 L.Ed.2d 343 (1967) (Douglas, J., dissenting).

■ The State of North Carolina has provided an adequate, available avenue of collateral attack to correct a denial of federal constitutional rights. The North Carolina Post-Conviction Hearing Act, N.C.Gen.Stat. § 15–217, provides in pertinent part as follows:

"Any person imprisoned * * * who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States * * * as to which there has been no prior adjudication by any court of competent jurisdiction, may institute a proceeding under this article."

Having thus assumed the responsibility of reviewing its trial court proceeding and correcting any deprivation of constitutional rights, it is incumbent upon

---

4. At the hearing on August 7, 1968, upon the return of the order to show cause, W. Allen Cobb, Solicitor of the Eighth Solicitorial District, embracing New Hanover County, who is charged by law with the duty to represent the State in all post-conviction hearings within his district, testified:

Question (By the court): "Under all the circumstances as you know them, would you say that sixteen months and two days is not an unreasonable time for the petitioner to wait for a post-conviction hearing?"

Answer: "Yes Sir, it probably is an unreasonable time."

the State to administer its own laws with an even hand.

Federal and state courts have concurrent jurisdiction in collateral proceedings seeking vindication of federal constitutional rights.[5] Although federal courts are not required to abstain or decline to exercise jurisdiction simply because the rights asserted may be adjudicated in some other forum; nevertheless, comity requires that the federal courts recognize the primary responsibility of the state courts to correct their own errors of constitutional magnitude,[6] and unless the federal courts are willing to compound the failure of State processes to perform their proper functions, federal courts can and should protect the constitutional rights of the citizens without assuming the functions of the state courts.[7] Indeed as Mr. Justice Frankfurter said in Rogers v. Richmond:[8]

"To require a federal judge exercising habeas corpus jurisdiction to attempt to combine within himself the proper functions of judge and jury in a state trial * * * is potentially to prejudice state defendants claiming federal rights and to pre-empt functions that belong to state machinery in the administration of state criminal law."

And in Jackson v. Denno,[9] the Court said:

" * * * (W)e cannot say that the Constitution required a new trial if in a soundly conducted collateral proceeding, the confession which was admitted at the trial is fairly determined to be voluntary. Accordingly, the judgment denying petitioner's writ of habeas corpus is reversed and the case is remanded to the District Court *to allow the State a reasonable time to afford Jackson a hearing or a new trial, failing which Jackson is entitled to his release.*" (Emphasis supplied)

---

5. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

6. Ganger v. Peyton, 379 F.2d 709 (4 Cir. 1967) ; United States ex rel. Singer v. Meyers, 384 F.2d 279 (3 Cir. 1967).

"Great attention has been given in recent years to federal habeas corpus jurisdiction and the federal-state conflicts believed to be engendered by the use of the federal writ by state prisoners. To the extent that such conflicts exist, there is reason to hope that this too is a passing phase. Where state prosecutions in the first instance meet federal constitutional standards, the occasions for successfully invoking any post-conviction remedy, state or federal, will diminish. Moreover, where effective state post-conviction systems exist, they will provide relief for any defects that survive the prosecution stage. The continuing need for federal habeas corpus jurisdiction as a post-conviction remedy for state prisoners is thus clearly correlated to the adequacy of processes in the state courts." American Bar Association's Tentative Draft of Standards Relating to Post-Conviction Remedies, 2 (January 1967).

"Much criticism of the habeas corpus system is based on the feeling that Federal courts are involving themselves too intimately in State criminal processes. But when the Federal district court entertains a habeas corpus petition and orders release, it is often because there was no way in which the petitioner could get relief in his own State." President's Commission on Law Enforcement and Administration of Justice Task Force Report: The Courts, 46 (1967).

The strong upward surge in recent years in the number of petitions filed by state and federal prisoners in the United States district courts presents a serious problem. Prisoner petitions increased in the *federal courts* from 3,241 in 1963 to 9,697 in 1967. In 1967, *state* prisoner petitions accounted for 7,364 or about 75 percent, of these cases. One out of every seven civil actions commenced in the federal district courts during 1967 was a prisoner petition. Annual Rep. Adm. Off. U. S. Courts 1967, 135–137.

Prisoner petitions in the Fourth Circuit Court of Appeals are about half of the total appeals from the district courts. A substantial part, of the court's time is spent in processing these petitions.

7. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); Rogers v. Richmond, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961).

8. 365 U.S. 534, 548, 81 S.Ct. 735, 743 (1961).

9. 378 U.S. 368, 395–396, 84 S.Ct. 1774, 1791 (1964).

In the instant case petitioner sought federal habeas corpus relief contending he had been denied effective assistance of counsel in violation of the Sixth Amendment of the Constitution. He had previously presented the same claim to the state courts; however, the state post-conviction court denied relief without a hearing and the Supreme Court of North Carolina denied certiorari. The Attorney General of North Carolina requested a hearing in this court because "there is not evidence nor testimony in support of the State's denial * * *." In remitting the case to the state courts for a hearing we stated:

> "Where a hearing is required to determine factual issues that cannot be determined from the record, the hearing should be held initially by the state courts in accordance with valid state procedures before a federal district court is called upon to consider petitioner's constitutional claims—only thus can the state courts exercise their primary responsibility to correct their own errors and avoid abdicating their jurisdiction to the federal courts. * * * [10]

> "Therefore, it is North Carolina, not the federal habeas corpus court, which should first provide Tyler with that which he has not yet had and to which he is constitutionally entitled— an adequate evidentiary hearing productive of reliable results concerning the effective assistance of counsel at his trial. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964)."

The State having denied petitioner his constitutional right to a post-conviction hearing in the state courts within a reasonable time, it is, therefore,

ORDERED that the respondent release immediately the petitioner, William F. Tyler, from all custody and restraint imposed by virtue of the sentence of eight to ten years imprisonment imposed at the August, 1965 Term of the Superior Court of New Hanover County, North Carolina, upon his conviction of common law robbery.

It is further ordered that the United States Marshal serve forthwith a copy of this order upon the Honorable V. Lee Bounds, Director of the North Carolina Department of Correction, Raleigh, North Carolina; that the Clerk shall serve a copy of this order by mail upon the Honorable T. Wade Bruton, Attorney General of North Carolina, the petitioner, William F. Tyler, and the respondent, Captain R. C. Croom.

---

10. " * * * (N)o State may effectively abdicate its responsibilities by either ignoring them or by merely failing to discharge them whatever the motive may be." Burton v. Wilmington Packing Authority, 365 U.S. 715, 725, 81 S.Ct. 856, 861, 6 L.Ed.2d 45 (1961).