**UNITED STATES of America ex rel. Darnell JONES, Petitioner,**

v.

**Ernest E. MORRIS et al., Respondents.**

**No. 76 C 4096.**

United States District Court, N. D. Illinois, E. D.

March 25, 1977.

Francis Sowa, Jack Uretsky Asst. Public Defenders, James J. Doherty, Public Defender, Chicago, Ill., for petitioner.

Patrick J. Calihan, Asst. Atty. Gen., Chicago, Ill., for respondent.

## DECISION

McMILLEN, District Judge.

Petitioner has filed for a writ of *habeas corpus* on the ground that he was deprived of his Sixth Amendment right of confrontation. Respondents filed a motion to dismiss, supported by the transcripts of the proceedings in the State trial court and Illinois Appellate Court which we take to be their Answer to the Petition. (Rule 5 of the Federal Rules Governing Section 2254 Cases, effective February 1, 1976.) The motion to dismiss is sufficient to present all of the facts in this case, and no evidentiary hearing is necessary. Therefore, we are in a position to make a final disposition of the petition as provided in Rule 8(a).

Petitioner was convicted of murder and attempted armed robbery by a jury in the Circuit Court of Cook County. The conviction was affirmed by the Appellate Court, First District. 34 Ill.App.3d 103, 339 N.E.2d 485. That court ruled, at p. 107, 339 N.E.2d at p. 488, that

> . . . the restrictions imposed in the instant case on the impeachment cross-examination of Dolita Tate, when viewed in the context of the totality of her positive and uncontradicted testimony, resulted in no manifest prejudice to defendant. Therefore, the trial court did not abuse its discretion.

Leave to appeal was denied by the Illinois Supreme Court, and a petition for writ of certiorari was denied by the United States Supreme Court on July 21, 1976. 426 U.S. 953, 96 S.Ct. 3179, 49 L.Ed.2d 1192 (1976).

With all due deference, upon a full review of the record and the law, we find and conclude that the rulings of the trial court deprived the petitioner of his right to confront the witness under the Sixth Amendment to the Constitution of the United States. Therefore, the petitioner should be released, subject to the State's right to retry the petitioner within the requirements of the Illinois Speedy Trial Act. *Ill.Rev. Stat.* (1975) Ch. 38, § 103–5.

The only eye-witness who testified and in fact the only witness on the merits was Dolita Tate, a twelve year old girl. She testified that, shortly after the murder, she could not pick out a picture of the petitioner when asked to look through three books of photographs. On the following day she

gave a description to a police artist who made a sketch which was subsequently introduced at trial. Two days after the offense, she picked the petitioner's picture out of a group of six photographs, and the next day she identified him in a six man line-up.

At a pretrial hearing to suppress identification, Dolita testified that her mother told her that the police wanted her to go to the line-up for the purpose of identifying an individual who was in custody and whose picture she had previously picked out. Also at this hearing she testified that, on the way to the line-up, the police likewise told her that the purpose was to see if the man whose picture she had identified was in the line-up. Without any further conditioning, she identified the petitioner at the line-up. (Abstract pp. 6–8). The motion to suppress identification was denied.

At the trial on the day following the pretrial hearing, Dolita testified that neither her mother nor the police officers told her anything about the individual in the line-up before she picked him out, neither that he had been arrested nor that the individual whose picture she had picked out was in the line-up. (Abstract pp. 24–26). She testified that her mother did *not* tell her that the man whose picture she had picked out was in custody, and that the police officers only told her so *after* she had picked the petitioner out of the line-up. The petitioner's attorney then asked her on cross examination whether or not she knew, before attending the line-up, that the man whose picture she had previously selected had been arrested. Petitioner's attorney undoubtedly intended to then ask her whether or not she had testified on the motion to suppress that she had been so advised by her mother and also by the police officers en route to the station. An objection to the first question in this line of inquiry was sustained and the jurors instructed to disregard it. The trial judge also denied a continuance for the purpose of obtaining a transcript of the testimony of the witness given on the motion to suppress.

To compound this interference with cross examination, the prosecutor argued to the jury in closing that petitioner's attorney did not contend that Dolita had been impeached "because there was nothing to talk about". An objection to this argument was made by petitioner's attorney, but no ruling is reflected in the transcript which is attached as Exhibit B to the petition. Although it may be correct that there was no evidence of impeachment presented to the jury, it is also apparent from the record that the witness could have been impeached by her testimony given at the suppression hearing. Whether she would have been able to explain the change in her testimony and whether the jury would have accepted this explanation and credited her identification of the petitioner is now entirely a matter of speculation.

The constitutional right of full cross examination is one of "first magnitude", and the degree of prejudice is not controlling. *Brookhart v. Janis*, 384 U.S. 1, 3, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966). This right is particularly precious when a controlling issue, such as eye-witness identification, is involved. In *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1005, 39 L.Ed.2d 347 (1974), the Supreme Court reversed a conviction because the defendant was precluded from cross examining a juvenile witness on the issue of his being on probation at the time of picking out the defendant's picture and identifying him at a line-up. In that case, there was also corroborating evidence of the defendant's participation in the offense. Even though the question of the witness' probationary status was collateral to the question of his veracity and also to the question of identification, the Supreme Court held that the interference with defendant's right to bring these matters to the attention of the jury was clearly a violation of his right of confrontation under the Sixth Amendment. We believe that *Davis v. Alaska* is controlling here. See also *Smith v. Illinois*, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968).

In our opinion, the interference with the right of cross examination in this case is

sufficient to require granting the petition even though the issue is raised on a petition for *habeas corpus* rather than on a direct appeal. Seventh Circuit cases which deny writs of *habeas corpus* involve considerably less serious violations of a petitioner's right to a fair trial, thus falling short of a constitutional deprivation. E. g. *United States ex rel. Bleimehl v. Cannon*, 525 F.2d 414 (7th Cir. 1975); *Downie v. Burke*, 408 F.2d 343 (7th Cir. 1969), cert. den. 395 U.S. 940, 89 S.Ct. 2011, 23 L.Ed.2d 457 (1969). Cases which deny writs for restriction of cross examination likewise involve factual situations much less aggravated than in the case at bar. E. g. *Sinclair v. Turner*, 447 F.2d 1158 (10th Cir. 1971); and see *Miller v. Wainwright*, 485 F.2d 185 (5th Cir. 1973).

Although the writ only seeks a hearing, the remedy in our opinion is to re-try the petitioner, allowing full cross examination of the prosecuting witness concerning her pretrial testimony about statements made to her before identifying the petitioner in a line-up. If the prosecution fails to re-try the petitioner within the time required by the Illinois Speedy Trial Act, he should be released. *United States ex rel. Adams v. Bensinger*, 507 F.2d 390, 396 (7th Cir. 1974), cert. den. 421 U.S. 921, 95 S.Ct. 1589, 43 L.Ed.2d 789 (1975).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the petition for writ of *habeas corpus* is granted, and Respondents are ordered to release Petitioner, subject to the provisions of Ch. 38, § 103–5 of the Illinois Revised Statutes (1975 ed.)