**David MOYA, Petitioner-Appellant,**

v.

**W.J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.**

No. 82–2057
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 24, 1983.

David Moya, pro se.

Charles A. Palmer, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

This is an appeal from a denial without evidentiary hearing of a state prisoner's petition for habeas corpus. On June 28, 1976, David Moya, petitioner, pled guilty in the District Court of Victoria County, Texas, to the state charge of aggravated robbery. Moya and his co-defendant, James Clayton Issiah, were sentenced to serve not more than 25 years, nor less than five years, in the Texas Department of Corrections. On May 2, 1979, Moya filed the present petition asserting: (1) fatally defective indictment, (2) failure to explain the consequences of his guilty plea, (3) involuntary guilty plea, and (4) ineffective assistance of counsel. Moya had exhausted state remedies by stating these same issues to the state court. By supplemental petition Moya urged that the district court had unreasonably delayed decision of his petition. The magistrate, without hearing, recommended denial of the writ on September 1, 1981. After consideration of petitioner's objections to the magistrate's report, the district court adopted the magistrate's report on December 9, 1981. Petitioner did not bring forward on this appeal his claims that the indictment was fundamentally defective or that the trial court failed to advise him of the consequences of the guilty plea. Instead Moya in this court retreats to four overlapping claims. We will address each in turn.

### Delay in Processing Habeas Petition

Moya contends that he is entitled to federal habeas corpus relief under § 2254 on grounds of unreasonable delay by the district court in processing his federal petition. He argues that a delay of 31 months to dispose of his petition is unreasonable and amounts to an "unlawful suspension of the Great Writ." The magistrate and district court did not specifically address this claim of delay. However, a remand is unnecessary. The issue involves only a question of law which does not require factual development to resolve. *See Gray v. Lucas,* 677 F.2d 1086, 1103 (5th Cir.1982). We are persuaded that this claim is without merit.

Moya relies upon *Word v. North Carolina,* 406 F.2d 352, 354 (4th Cir.1969), *Palmer v. Cranor,* 45 Wash.2d 278, 273 P.2d 985 (1954), and *Tyler v. Croom,* 288 F.Supp. 870 (E.D. N.C.1968). None support this claim.

In *Word,* the court was concerned with the "proper district court" in which to bring an action attacking the conviction in a state other than the state in which the petitioner was confined. 406 F.2d at 353–54. In *Palmer,* the State Supreme Court of Washington considered whether it was a denial of due process to require a state prisoner to wait until the expiration of a prior conviction before attacking in a habeas corpus proceeding the constitutionality of a subsequent conviction. 273 P.2d at 988. In *Tyler,* the district court in the Eastern District of North Carolina ordered the release of a state prisoner because the *state* failed to afford the prisoner a plenary post-conviction hearing within a reasonable time in accordance with a prior order of that court. 288 F.Supp. at 871. None of the cases considered the issue of delay by federal officials in a federal habeas review of a state conviction.

We do not decide here that delay without reason resulting in identifiable prejudice cannot rise to the level of an independent and illegal deprivation of a right enforceable by invocation of this court's supervisory power. We decide only that the remedy for any such delay does not include an overturning of an otherwise valid state court conviction, the remedy sought by Moya. In making this explanation we do not implicitly decide that the claimed delay was unreasonable. Our point is that it is unnecessary to discuss it, and we do not.

### Use of State Court Trial Records

■ Moya contends that the state was in "procedural default" for introducing state trial court records not presented to the state habeas court. Moya's complaint about "default" is not wholly clear but at least in part appears to be an assertion that the state record is not authentic. This claim is without merit. Joylyn Walla, an official court reporter, has certified that the state record contains a full, true and correct transcription of her notes.

Nor can we otherwise find merit in Moya's argument. He is complaining about a record he asked for. In his motion for certified copies of documents at government expense, Moya asked for a copy of the state court trial record. The state opposed this motion on grounds that Moya is not entitled to a *free* record. He filed a response to the state's opposition repeating his request for a free copy of his state court trial record. The magistrate ruled in Moya's favor and ordered the state to furnish him a copy of the "Statement of Facts and Transcript" of the state court proceedings. The state filed a motion to reconsider. Moya filed a response to that motion, again asking for a copy of the record free of charge. The magistrate overruled the motion to reconsider and ordered the state to comply with his prior order. After Moya received the state record, he filed a motion objecting to and challenging the authenticity and admissibility of the state record. As we noted that objection fails.

### Outstanding Procedural Matters

■ Moya contends that he was denied a full and fair hearing when the district court adopted the magistrate's report and recommendation leaving several "procedural" issues undecided.

The procedural matters allegedly not disposed of are: (1) a supplemental allegation concerning unreasonable delay whose filing was approved by the magistrate; (2) a motion objecting to and challenging the authenticity and admissibility of the state trial court records; and (3) a motion to preclude consideration of state trial court records on grounds of procedural default.

The question of delay we have decided. The other two motions were "disposed of." The district court did not specifically address them, but his denial of Moya's petition for habeas corpus relief implicitly overruled them. *See Lapeyrouse v. Texaco, Inc.,* 670 F.2d 503, 505 (5th Cir.1982); *Addington v. Farmer's Elevator Mutual Insurance Co.,* 650 F.2d 663, 666 (5th Cir.), *cert. denied,* 454 U.S. 1098, 102 S.Ct. 672, 70 L.Ed.2d 640 (1981).

### Guilty Plea

Moya contends that the district court erred in dismissing his habeas corpus peti-

tion without an evidentiary hearing. He submits that a hearing was necessary to determine his claim of involuntary guilty plea and denial of effective assistance of counsel.

Moya asserts that his guilty plea was involuntary because (1) he was in poor physical condition at the time of the plea due to a recent stab wound so that he was unable to make a considered choice in pleading guilty and (2) his appointed defense counsel "induced and intimidated" him into pleading guilty due to Moya's poor physical condition and due to his counsel's poor professional attitude in complaining, *inter alia,* about the low fee he would receive.

 A guilty plea must be voluntary, intelligent, and uncoerced. *Miller v. Turner,* 658 F.2d 348, 350 (5th Cir.1981); *Bradbury v. Wainwright,* 658 F.2d 1083 (5th Cir.1981), *cert. denied,* —— U.S. ——, 102 S.Ct. 2275, 73 L.Ed.2d 1288 (1982). When a defendant pleads guilty, the defense counsel's duty is to ascertain whether the plea is entered knowingly and voluntarily. *See Bradbury v. Wainwright,* 658 F.2d at 1987; *Lamb v. Estelle,* 667 F.2d 492, 494–95 (5th Cir.1982). Moreover, the burden of proof rests on defendant to show that he is entitled to habeas corpus relief. *See Williford v. Estelle,* 672 F.2d 552, 553 (5th Cir.1982).

 The state habeas corpus court made no specific findings, but an evidentiary hearing is still unnecessary because the record before the district court was sufficient for proper examination of petitioner's claims. *See Winfrey v. Maggio,* 664 F.2d 550, 551–52 (5th Cir.1981); *Easter v. Estelle,* 609 F.2d 756 (5th Cir.1980); *Spinkellink v. Wainwright,* 578 F.2d 582 (5th Cir. 1978), *cert. denied,* 440 U.S. 976, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979). The state record, which Moya had asked for and later challenged for lack of authenticity, contradicts Moya's sworn but uncorroborated habeas petition. It shows that the state court advised Moya of the maximum sentence, of the waiver of his right to trial by jury, of the waiver to confront any witnesses. It further shows the following:

a. Moya understood the nature of the charge against him;

b. Moya was entirely satisfied with his counsel's "going over" his constitutional rights, defenses and general merits of the case;

c. Moya was satisfied with the representation provided by his counsel;

d. Moya was not threatened or promised anything in exchange for his plea;

e. Moya understood the nature of the proceedings and the fact that the court was not bound by any recommendation as to punishment;

f. Moya was examined by a psychiatrist and found competent to stand trial;

g. Moya's written confession was admitted without objection;

h. Two eyewitnesses positively identified Moya as one of the two persons who beat and robbed them;

i. Moya received the stab wound on February 17, 1976, more than four months prior to his plea of guilty on June 28, 1976; and

j. The stab wound was not so serious as to prevent Moya from continuing his assault and escaping.

No evidentiary hearing is required where, as in this case, a petitioner's allegations are directly contradicted by his testimony. *See United States v. McCord,* 618 F.2d 389, 393 n. 5 (5th Cir.1980). Moya testified in open court that his plea was voluntary and knowing, that his counsel had satisfactorily explained to him his rights, that he was satisfied with his counsel's representation, etc. This testimony carries a strong presumption of verity. *See Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977).

An affidavit made by defense counsel also contradicts Moya's claims. Moya contends that his counsel was ineffective in that on account of his poor professional attitude he induced Moya, in a poor physical condition, to plead guilty. In the affidavit, the defense counsel states, *inter alia,* (1) that he in no way coerced or intimidated

Moya, (2) that the stab wound did not appear to impair Moya's physical condition, (3) that Moya made the plea of his own free choice, (4) that he advised Moya about his legal rights, and (5) that he did not tell Moya that he was dissatisfied with the case.

Although contested facts may not be decided on affidavit alone unless the record supports the affidavit, *see Jordan v. Estelle,* 594 F.2d 144, 145–46 (5th Cir.1979), the record here supports the defense counsel's affidavit. In open court, Moya testified that he was not coerced, that his plea was voluntary and knowing, that he was satisfied with his counsel's representation, and that his counsel had satisfactorily explained to him his rights. This testimony implicitly contradicts Moya's allegation of dissatisfaction by his counsel. The record further shows (1) that Moya was competent to stand trial (examination by psychiatrist), (2) that defense counsel was satisfied that there was no question as to Moya's condition or competency to stand trial, and (3) that defense counsel considered Moya's plea to be voluntarily made.

Based on the complete record, including the defense counsel's affidavit, the district court did not err in not holding an evidentiary hearing.

Affirmed.