Robert Vernon BRUCE,
Petitioner-Appellant,

v.

W.J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 81–1587.

United States Court of Appeals,
Fifth Circuit.

June 13, 1983.

Mary A. Daffin, Houston, Tex., for petitioner-appellant.

Douglas M. Becker, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GARZA, POLITZ and JOHNSON, Circuit Judges.

POLITZ, Circuit Judge:

We consider for the fourth time the application of Robert Vernon Bruce for habeas corpus relief under 28 U.S.C. § 2254. On this occasion, Bruce appeals the district court's dismissal of his application for failure to exhaust available state remedies. We vacate the order of the district court and consider the merits, reject Bruce's application and reverse and render.

Bruce's legal odyssey began in 1965 when he was convicted of the murder of his wife and sentenced to life in prison. His conviction was affirmed on appeal, Bruce v. State, 402 S.W.2d 919 (Tex.Cr.App.1966), and post conviction relief was denied by the state court and the federal district court. On the first appeal we vacated and remanded with instructions that the petition be dismissed without prejudice so that Bruce might reapply for relief from the convicting state court under a newly enacted state post-conviction procedure. Bruce v. Beto, 396 F.2d 212 (5th Cir.1968). The state court found Bruce to have been competent. Bruce again unsuccessfully sought federal habeas relief. On his second appeal we found the state court's competency hearing to have been fundamentally unfair and vacated the district court's dismissal, remanding for the conduct of a meaningful hearing to determine whether Bruce was competent at the time of his trial. Bruce v. Estelle, 483 F.2d 1031 (5th Cir.1973). On remand, the district court conducted a nunc pro tunc competency hearing and concluded that Bruce was competent to stand trial. We disagreed and on the third appeal reversed the district court and directed the issuance of the writ of habeas corpus "subject to the right of the State of Texas to retry [Bruce] within a reasonable time." Bruce v. Estelle, 536 F.2d 1051, 1063 (5th Cir.1976).

Pursuant to our instructions, the district court ordered that Bruce be released within 90 days unless the state retried him within that period or secured an extension for good cause. The state sought an additional 90 days based on the pendency of a petition for certiorari before the Supreme Court. The district court granted the extension.

The Supreme Court denied certiorari and the state retried Bruce within the extended period. He was again convicted of murder and sentenced to life imprisonment. This second conviction and sentence was affirmed on appeal in an unpublished opinion. Bruce v. State, see table at 601 S.W.2d 949 (Tex.Cr.App.1980). Bruce now seeks federal habeas relief on the grounds that the district court lacked authority to grant the 90 day extension for his retrial and that the extension violated his right to a speedy trial. The district court dismissed Bruce's petition for failure to exhaust available state remedies.

■ Bruce's present appeal rests upon the proposition that the federal district court erred in allowing the state an additional 90 days for his retrial. This charge, directed at the actions of the federal district court, does not implicate the constitutionality of the state's procedures or conviction. Placed in this perspective, it is immediately apparent that the doctrine of exhaustion of state remedies has no applicability in this case.

■ We parenthetically note that which is both obvious and fundamental: orders and judgments of federal district courts based on the Constitution or federal statutes are reviewable by federal courts of appeal and the Supreme Court—not state trial courts. To request or permit state courts to review the constitutionality of such orders and judgments would rend the fabric of the American judicial system. We are not prepared to tamper with the institutional autonomy of the federal judicial system by imposing the doctrine of exhaustion of state remedies in cases such as that presently before us.

■ This basic objection aside, the doctrine of exhaustion is otherwise inapplicable. At the core of the doctrine is the concept that state courts should not be alienated from the process of defining and implementing constitutional principles rele-

vant to the state's prosecution of criminal cases. Cover & Aleinikoff, *"Dialectical Federalism: Habeas Corpus and the Court,"* 86 Yale L.J. 1035 (1977); *"Developments in the Law: Federal Habeas Corpus,"* 83 Harv.L.R. 1038 (1970). Specifically, the state court ought to be allowed the first opportunity to address and correct, if necessary, the charged breach of any constitutional provision. In the case at bar, there is no challenge to the state procedures and therefore no state "constitutional misstep" to correct.

■ Which leads, finally, to consideration of the merits of Bruce's application. Stripped to its essentials, Bruce's petition asks that we set aside his otherwise valid state court conviction because of the manner in which the federal district court handled his writ of habeas corpus. Bruce's petition does not state a basis for federal habeas relief. In *Moya v. Estelle,* 696 F.2d 329 (5th Cir.1983), the state prisoner argued to this court that he was entitled to a writ of habeas corpus because the federal district court unreasonably delayed consideration of his petition. Observing that an unreasonable delay might occasion some relief under our supervisory power, we stated without qualification "that the remedy for any such delay does not include an overturning of an otherwise valid state court conviction, the remedy sought by Moya." 696 F.2d at 331.

We cannot conceive of circumstances in which the handling or mishandling of a petition for habeas relief under 28 U.S.C. § 2254 by a federal district or appellate court may serve as the basis for setting aside an otherwise valid state court conviction. Bruce's complaint about the 90 day extension for retrial granted by the district court is not a valid basis for relief under 28 U.S.C. § 2254.[1] Accordingly, his petition is dismissed with prejudice.

REVERSED and RENDERED.

1. Aware of the limitations of obiter dicta we nonetheless feel constrained to observe that the

grant of the extension was entirely appropriate.