512 So.2d 689 (1987)
Marion Albert PRUETT
v.
STATE of Mississippi.
No. DP-27.
Supreme Court of Mississippi.
September 2, 1987.
*690 Stephen B. Bright, Palmer Singleton, Atlanta, Ga., Dennis C. Sweet, Jackson, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Marvin L. White, Jr., Asst. Atty. Gen., and Felicia C. Adams, Sp. Asst. Atty. Gen., Jackson, for appellee.
EN BANC.
ANDERSON, Justice, for the Court:

I.
This case is before us on the application of Marion Albert Pruett for entry of an order requiring that he be discharged from custody and that the State be barred from prosecuting him further on the charge of capital murder. The grounds of the motion are that Pruett was ordered released from custody by the United States District Court for the Northern District of Mississippi pursuant to his application there for writ of habeas corpus, unless the State retried Pruett within 120 days. Everyone agrees that the 120 day period expired on April 3, 1987, without Pruett having been put on trial again.
Pruett presented this claim to the Circuit Court of the First Judicial District of Hinds County which denied him relief and ordered that he stand trial once again on the charge of capital murder. His present application to this Court invokes a variety of procedural devices  writ of habeas corpus and/or writ of prohibition and/or writ of mandamus. In substance, Pruett is simply appealing the Circuit Court's refusal to hold that his retrial is precluded by violation of the 120 day time limitation imposed by the United States District Court for the Northern District of Mississippi.

II.
Petitioner, Marion Albert Pruett, was indicted for the September 17, 1981, capital murder of Opal H. Lowe a/k/a Peggy Lowe by the Grand Jury of the Circuit Court of Hinds County, Mississippi, First Judicial District. Pruett's case was transferred to the Circuit Court of Lowndes County, Mississippi, where he was found guilty of capital murder and sentenced to death. This Court affirmed on February 23, 1983. Pruett v. State, 431 So.2d 1101 (Miss. 1983). A petition for rehearing was denied on March 16, 1983. Pruett filed a petition for writ of certiorari which was denied on March 28, 1983. Pruett v. Mississippi, 464 U.S. 865, 104 S.Ct. 201, 78 L.Ed.2d 176 (1983).
Upon denial of certiorari, Pruett filed an application for leave to file a petition for writ of error coram nobis with this Court. On January 11, 1984, in a written opinion this Court denied the application. Pruett v. Thigpen, 444 So.2d 819 (Miss. 1984).
Pruett then filed a petition for writ of habeas corpus with the United States District Court for the Northern District of Mississippi. On March 21, 1986, the District Court entered its memorandum opinion granting habeas relief for a guilt phase error and ordering the State to release petitioner from custody or retry him within 120 days, 665 F. Supp. 1254.
Both the State and Pruett appealed this decision to the United States Court of Appeals for the Fifth Circuit. The Court of Appeals affirmed the judgment of the District Court on November 7, 1986, in an unpublished opinion. Pruett v. Thigpen, 805 F.2d 1032 (5th Cir.1986). A petition for writ of certiorari was taken from this ruling by the State. That petition was denied on April 28, 1987. Thigpen v. Pruett, ___ U.S. ___, 107 S.Ct. 1964, 95 L.Ed.2d 535 (1987).
On May 18, 1987, Pruett filed with the Circuit Court of Hinds County, Mississippi, a Motion to Dismiss Prosecution and Discharge from Custody. During a hearing on May 18, 1987, the Circuit Court set a *691 trial date of July 13, 1987. Briefs were filed by both sides and oral argument was heard in June 16, 1987. The Circuit Court denied the motion after consideration of the briefs and hearing arguments. The petitioner also filed a Motion to Stay Further Proceedings Pending Interlocutory Review and Final Determination of Whether Mississippi May Retry the Defendant. The Court also denied this motion on June 16, 1987.
On June 18, 1987, petitioner, in an attempt to get the Circuit Court to reconsider its ruling of June 16, 1987, filed a Petition for Writ of Habeas Corpus or Other Appropriate Relief Barring Petitioner's Retrial. This petition was denied by the Circuit Court on June 18, 1987, "for the reasons expressed in th[e] court's ruling of June 16, 1987." The present proceedings before this Court have followed.

III.
Pruett raises two questions in this emergency petition for remedial relief. First, that the trial court erred in holding that the state could retry him even though the State did not retry him within 120 days after the mandate of the Fifth Circuit went into effect and, second, that his federal plea agreement and the memorandum between himself and the federal government prohibit his retrial in Mississippi.

A. The 120 Day Question

Pruett contends that since the state did not retry him within 120 days it has lost the right ever to do so. Section 28 U.S.C. § 2254(a), states in part that a writ of habeas corpus may be filed on behalf of a "person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Where a defendant has sustained his right to be discharged in habeas, it is because a court has determined some federal right has been denied, such as denial of counsel. Such a finding does not reflect on the determination of guilt or innocence, but reflects solely the fairness of his earlier criminal trial. The habeas corpus court, unlike an appellate court in a criminal case cannot grant a new trial in the criminal case, it can only vacate the conviction or sentence that holds a defendant in custody.
In Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), the United States Supreme Court restated the parameters of habeas corpus. The Court stated:
Habeas lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power; it cannot revise the state court judgment; it can act only on the body of the petitioner. Re Medley, 134 U.S. 160, 173, 10 S.Ct. 384, 33 L.Ed. 835 (1890). [Emphasis added]
372 U.S. at 431, 83 S.Ct. at 844, 9 L.Ed.2d at 864.
Here the United States District Court for the Northern District of Mississippi, in granting habeas corpus relief conditioned the State's continued custody of Pruett on the State retrying him within 120 days. Clearly, he vacated the conviction and sentence, but he did not quash the indictment under which Pruett was charged nor did he find the arrest of Pruett invalid. Pruett is still properly in the custody of the State of Mississippi on the basis of the valid indictment lodged against him and the detainers placed on him by other states and jurisdictions. Pruett is a habeas releasee and can be dealt with as any other prisoner who has not yet been tried. Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961); Carter v. Rafferty, 781 F.2d 993 (3d Cir.1986).
The federal habeas corpus courts have long used the conditional grant of writs of habeas corpus in cases of this nature. Mahler v. Eby, 264 U.S. 32, 46, 44 S.Ct. 283, 288, 68 L.Ed. 549, 557 (1923). A conditional grant is one that simply requires the states to release a defendant from custody based upon the invalid conviction unless he were retried within a certain number of days or months. This allows the state to retain the person in custody pursuant to the invalid conviction for this period without releasing him. A conditional grant of habeas does not prevent the state from *692 retrying after the expiration of the time set in the order of the court, it only requires that the defendant be released from custody on the basis of the conviction that was vacated.
In the case of Fisher v. Rose, 757 F.2d 789 (6th Cir.1985) the Circuit Court of Appeals, in a situation much like that presented here, held that the "district court abused its discretion in barring retrial by the state." In reaching this conclusion the court analyzed the law as follows:
While Congress has entrusted to the federal courts the power to dispose of petitions for writs of habeas corpus "as law and justice require," 28 U.S.C. § 2243; Irvin v. Dowd, 366 U.S. 717, 728-29, 81 S.Ct. 1639, 1645-46, 6 L.Ed.2d 751 (1961); Levy v. Dillon, 415 F.2d 1263, 1265 (10th Cir.1969), cert. denied, 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 499 (1978). A conditional grant of a writ of habeas corpus requires the petitioner's release from custody if new proceedings are not commenced by the state within the prescribed time period. United States ex rel. Brown v. Rundle, 427 F.2d 223, 224 (3d Cir. 1970). However, the state is not precluded from rearresting petitioner and retrying him under the same indictment. Irvin, 366 U.S. at 728, 81 S.Ct. at 1645. United States ex rel. Craig v. Myers, 329 F.2d 856, 860 (3d Cir.1964); United States ex rel. Lowry v. Case, 283 F. Supp. 744, 745 (E.D.Pa. 1968).
757 F.2d at 791.
See also Martin v. Rose, 787 F.2d 591 (6th Cir.1986); and Rose v. Engle, 803 F.2d 721 (6th Cir.1986).
The order of the United States District Court for the Northern District of Mississippi dated March 21, 1986, required the State of Mississippi to release Pruett from custody at the conclusion of 120 days if it had not retried him. As in Fisher, this was a conditional grant of habeas corpus requiring the petitioner be released from custody pursuant to the invalid conviction if new proceedings were not commenced within the prescribed time period. The order of the United States District Court does not preclude the State of Mississippi from retrying petitioner on the indictment.

B. The Federal Plea Agreement

Pruett further contends this trial is also prevented by his agreement with the federal government. It is clear that the agreement does not prevent the retrial of Pruett on the charge of capital murder and neither binds nor purports to bind the State of Mississippi in any way in its prosecution of Pruett because the State of Mississippi was not a party to that agreement. The agreement simply provides for an orderly succession of custody among the various jurisdictions with an interest in Pruett. By virtue of this agreement, if Pruett's sentence is reversed or voided the "defendant shall be transferred to whichever jurisdiction then has an outstanding valid sentence." This transfer requirement in no way extinguishes Mississippi's right to retry Pruett. In fact the agreement signed by Pruett, his counsel and the United States Attorney clearly states:
[T]he United States will transfer the defendant to the other state jurisdictions and thereafter other federal jurisdictions which may now have or hereafter have pending criminal charges against the defendant; upon the completion of all pending criminal matters in all jurisdictions the United States will return the defendant to the State of Mississippi to await execution of the sentence heretofore rendered against the defendant by the State of Mississippi; should said sentence be reversed or otherwise rendered void for any reason, the defendant shall be transferred to any other jurisdiction with an outstanding sentence on said defendant.
* * * * * *
This agreement shall not bind any authority to any act which is contrary to law and it shall not act as a stay to prevent imposition of a sentence upon the defendant which may be greater than the one he may be serving.
This agreement and the Order of the Southern District Court, entered pursuant thereto on May 13, 1982, required that the petitioner be "transferred to whichever jurisdiction then has an outstanding valid sentence." *693 Nothing in District Court's Order contemplates that Pruett could not be retried on the outstanding indictment in Hinds County, Mississippi.
The language of Defendant's Exhibit E succinctly states that Pruett can be transferred to any jurisdiction "which may have or hereafter have pending criminal charges against the defendant." Mississippi now has pending criminal charges against Pruett.
Neither the order of the United States District Court for the Southern District nor the agreement between Pruett and the United States Government will be violated by retrying Pruett on the capital murder indictment pending in the Circuit Court of Hinds County, Mississippi, First Judicial District.
If Pruett believes there has been a violation of the memorandum of understanding or the plea agreement he entered into with the federal government, his remedy is to attack his plea of guilty in the federal court.
PETITION FOR WRIT OF HABEAS CORPUS AND/OR WRIT OF PROHIBITION AND/OR WRIT OF MANDAMUS REQUIRING TRIAL COURT TO DISCHARGE PETITIONER AND BAR CAPITAL MURDER RETRIAL DENIED
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, and GRIFFIN, JJ., concur.
ROBERTSON, PRATHER and SULLIVAN, JJ., dissent.
ROBERTSON, Justice, dissenting:
With respect, the majority today ignores the laws of the United States and of grammar when it holds that Marion Albert Pruett may be retried in the Circuit Court of Hinds County, notwithstanding conceded violation of a final order of the United States District Court for the Northern District of Mississippi which reads:
That the State of Mississippi release the Petitioner [Pruett] from custody pursuant to the aforesaid conviction unless the State elects to retry Petitioner on such charge within one hundred twenty (120) days... .
Everyone agrees that the 120 day period expired on April 3, 1987, without any retrial having commenced.
When federal habeas corpus relief is granted, it has long been the custom that the U.S. District Court order the petitioner discharged from custody unless the state retry him within "a reasonable time." See, e.g., Rogers v. Richmond, 365 U.S. 534, 549, 81 S.Ct. 735, 744, 5 L.Ed.2d 760, 771 (1961). It is the function of the District Courts to state specifically just what such a reasonable time consists of and within what time retrial is allowable. See, e.g., Irvin v. Dowd, 366 U.S. 717, 729, 81 S.Ct. 1639, 1646, 6 L.Ed.2d 751, 759-60 (1961). Although I find no case which has expressly so stated, it seems apparent that at least one function of the time limitation upon retrial is to implement the Sixth Amendment right to a speedy trial, or, as in cases such as these, speedy retrial.
In any event, the order of the United States District Court stands. Any hint of authority we may have had to ignore its terms is withdrawn by the Supremacy Clause, U.S. Const. Art. VI, § 2. Sanders v. State, 429 So.2d 245, 248, 251 (Miss. 1983); Bolton v. City of Greenville, 253 Miss. 656, 666, 178 So.2d 667, 672 (1975).
We have two expressions on this point from the United States Court of Appeals for the Fifth Circuit. Hammontree v. Phelps, 605 F.2d 1371, 1381 (5th Cir.1979) holds that, absent state retrial within "a reasonable time," the State "must permanently discharge him from custody." 605 F.2d at 1381; see also Tifford v. Wainwright, 588 F.2d 954, 957 (5th Cir.1979) (affirming release of petitioner where state failed to comply with conditional writ requiring retrial within ninety days).
There is other authority to like effect. See Grasso v. Norton, 520 F.2d 27, 37-38 (2d Cir.1975) (affirming discharge where failure to comply with conditions of writ); Tyler v. Croom, 288 F. Supp. 870, 874 (E.D.N.C. 1968) (order releasing petitioner from "all custody and restraint" entered after *694 state failed to act within reasonable time concerning court's order); United States Ex Rel. Jones v. Morris, 430 F. Supp. 478, 481 (N.D.Ill. 1977); Homan v. Sigler, 283 F. Supp. 404, 407 (D.Neb. 1968) (petitioner order "released and permanently discharged from the custody of the respondent" when respondent failed to comply with conditional writ); Gray v. Swenson, 302 F. Supp. 1162, 1169 (W.D.Mo. 1969) (failure of Missouri to comply with court's order within ninety days will result in permanent discharge of petitioner), aff'd. 430 F.2d 9 (8th Cir.1970); Renfro v. Swenson, 315 F. Supp. 733, 745 (W.D.Mo. 1970) (permanent discharge ordered unless state provides hearing within ninety days).
I am aware that there are cases  all, I might add, outside the Fifth Circuit  suggesting that the State's right to retry a federal habeas petitioner is not impaired in the sense that the grant of the federal writ merely vacates the conviction under which the petitioner is held, not the indictment. At most, these cases suggest that the State in the case at bar had a legitimate grounds for appeal of the 120 day limitation imposed in the order of the United States District for the Northern District of Mississippi. No such appeal was taken, and without doubt the order is now final. See Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981).
The State is now procedurally barred from complaining of that which it had the opportunity to challenge but for whatever reason failed to do so. We have no qualms about invoking procedural bars when it means the defendant must die. See, e.g., Evans v. State, 485 So.2d 276, 280-81 (Miss. 1986); Evans v. State, 441 So.2d 520, 522 (Miss. 1983). I do not see why the court should gag at invoking a legally analogous bar where in consequence life may be preserved.
More to the point, I simply cannot follow the logic of Fisher v. Rose, 757 F.2d 789, 791 (6th Cir.1985) and the other cases cited by the prosecution. The reasonable time rule, if thought about, fudges a little bit on behalf of each party. It fudges on behalf of the State in that it prevents the petitioner's immediate discharge, the remedy one is traditionally thought entitled to when a writ of habeas corpus is granted. It fudges in favor of the defendant by making concrete and specific the time limitations within which the petitioner may be retried.
Accepting, for the sake of argument, the arrid logic that granting the writ vacates the conviction, but not the indictment, this does not, and rationally cannot, empower the State to retry the petitioner. Of course, the State had the right to hold him under the outstanding indictment, for it is that indictment which is a constitutionally procedural requisite to Pruett's retrial within 120 days. At the end of that 120 days the force of the indictment was spent. It becomes an indictment technically valid but constitutionally important, for there is no way in logic or in law the 120 day viability of the indictment may be bootstrapped into a retrial thereafter.
But in reality today's question is not whether the indictment was constitutionally infirm but whether the State had the authority to retry him under any circumstances. The Supremacy Clause instructs that this question may be answered only by reference to the valid and enforceable final order of the United States District Court. The order entered March 21, 1986, provides the State of Mississippi two options: (1) "release the petitioner from custody" or (2) "retry the petitioner on such charge within 120 days." That these are the only options available is made clear by the subsequent order of the District Court of April 8, 1986. That is the order which stayed the March 21, 1986, order pending appeal. In the April 8 order the District Court referred to its March 21 order as one "requiring the State to either release petitioner or retry him within 120 days." Thereafter, the same order again characterized the March 21 order as one "discharging the petitioner ... [or] requiring the State to grant him a new trial within 120 days."
The State of Mississippi has no more authority to ignore the time limitations imposed here that it had with respect to those directed in Gates v. Collier, 501 F.2d 1291 *695 (Miss. 1974), affirming 349 F. Supp. 881 (N.D.Miss. 1972); or Alexander v. Holmes County Board of Education, 396 U.S. 19, 90 S.Ct. 29, 24 L.Ed.2d 19 (1969); or Meredith v. Fair, 306 F.2d 374 (5th Cir.1962). That this is so is a function of the Supremacy Clause.
As all know in recent years the State has missed few opportunities to invoke procedural bars against the criminally accused or to claim that defendants have waived constitutionally secured rights. I would have the State hoist upon its own petard.
PRATHER and SULLIVAN, JJ., join in this opinion.