**UNITED STATES of America ex rel. Clifford BROWN**

v.

**Alfred T. RUNDLE, Superintendent State Correctional Institution at Graterford, Penna., Appellant.**

**No. 18469.**

United States Court of Appeals, Third Circuit.

Argued June 4, 1970.

Decided June 12, 1970.

David Richman, Asst. Dist. Atty., Philadelphia, Pa. (James D. Crawford, Deputy Dist. Atty., Chief, Appeals Div., Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., on the brief), for appellant.

John H. Lewis, Jr., Morgan, Lewis & Bockius, Philadelphia, Pa., for appellee.

Before FREEDMAN, VAN DUSEN and ADAMS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

This habeas corpus suit by a state prisoner is before the court on appeal from a District Court order of January 15, 1970, providing that "relator is discharged from custody." The background of the case is set forth in our decision in United States ex rel. Brown v. Rundle, 417 F.2d 282 (3rd Cir. 1969), which re-

manded the case "to the district court with instructions to enter an order requiring the appellant's release from custody unless the state trial court within a specified reasonable time shall resentence him solely upon the basis of procedure and data, the use of which satisfies the constitutional requirement of due process of law." (417 F.2d at 285). As a result of this remand, the District Court entered an order of October 28, 1969, providing that the writ of habeas corpus "shall issue as of course" if the Commonwealth did not resentence relator in accordance with the above-cited opinion reported at 417 F.2d 282 within 60 days. The Commonwealth did not resentence relator within 60 days and the District Court entered another order on December 30, 1969, providing that "the writ of habeas corpus is unconditionally granted and that respondent * * * is directed to release relator immediately upon receipt of a copy of this order". On the morning of December 31, 1969, relator was brought before the state court for resentencing, having left the state institution on that morning prior to its receipt of a copy of the above-mentioned District Court order of December 30, 1969. Thereafter, and prior to the issuance of the above-mentioned January 15, 1970, order from which this appeal is taken, the District Court held at least three hearings, as well as conferences, concerning the failure of the respondent to release relator in compliance with the above-mentioned October 28 and December 30 orders.

In view of the reasonableness of the 60-day period prescribed in the October 28 order, the District Court had the obligation under 28 U.S.C. § 2243 to "dispose of [the application for a writ of habeas corpus] as law and justice require." Because the state court did not act within the reasonable period of time prescribed

by the October 28, 1969, order, we cannot say that the District Court lacked authority to take some action to secure the release of relator from custody for some period of time, even though the resentencing proceeding may have complied with this court's mandate as far as "due process of law" is concerned.[1] The District Court made clear at the January 8, 1970, hearing that its contemplated order requiring release of the relator from custody might be only temporary in effect, saying:

"Release him today and then rearrest him, if you want to, and if you want to test it, I presume the case will come back to me, but that is your alternative. I don't know what I can do, but I know as far as the record discloses here, * * * he should be released from custody. Now, if you want to re-arrest him, as far as I am concerned, you go ahead and re-arrest him."

Again, at the January 15 hearing, the District Court made clear at the time that it was issuing its order that relator was to be " * * * taken out of the court house, and whatever happens after that we will take care of when it arises".

Since this appeal only challenges the January 15, 1970, District Court order, we emphasize that we do not pass upon the right of the state court to conduct the resentencing proceeding on December 31, 1969, the propriety of that proceeding, or the right of the state authorities to rearrest the relator in order to have him serve the balance of the sentence imposed on December 31, 1969. See Wynn v. Page, 390 F.2d 545 (10th Cir. 1968); United States ex rel Lowry v. Case, 283 F.Supp. 744, 745 (E.D.Pa.1968).

Under the above circumstances, we cannot say that the order of the District Court constituted an abuse of its discretion and it will be affirmed.

1. Counsel for relator contends that the resentencing proceeding was constitutionally defective, but this contention is not properly before this court at this time.