**William Nicholas KARCHER,
Plaintiff-Appellant,**

**v.**

**Louie L. WAINWRIGHT, Director, Florida Division of Corrections,
Defendant-Appellee.**

**No. 72-3542.**

United States Court of Appeals,
Fifth Circuit.

March 20, 1973.

William Nicholas Karcher, pro se.

Robert L. Shevin, Atty. Gen., Arnold Ginsberg, Asst. Atty. Gen., Tallahassee, Fla., for defendant-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

William Nicholas Karcher has appealed from the district court's denial of his petition for habeas corpus. We affirm the ruling below.[1]

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c)(2), appellant having failed to file a brief within the time fixed by

Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

Appellant is presently confined in a federal prison, by virtue of a federal sentence which he does not attack in these proceedings. In his habeas petition filed below, the appellant complained of his five-year sentence [2] for the crime of "entering without breaking." He was convicted and sentenced on his plea of guilty of this offense on March 5, 1970, in the Criminal Court of Record of Dade County, Florida. There was no direct appeal.

■ Appellant contended in his federal habeas petition that the state conviction and sentence are invalid because he was denied a speedy trial on the charges. The district court denied relief on the following grounds, as stated in the final order:

"The petitioner is not attacking the voluntariness of his guilty plea, merely the failure to bring him to trial within three terms of court. A plea of guilty is an admission of all the elements of a formal criminal charge. United States v. Bendicks, 449 F.2d 313 (5th Cir. 1971). Such a plea waives all nonjurisdictional defects in the proceedings against him. Gafford v. United States, 438 F.2d 106 (5th Cir. 1971). The issue of an accused's right to a speedy trial is nonjurisdiction[al] in nature. Fowler v. United States, 391 F.2d 276 (5th Cir. 1968). The petitioner has therefore waived the ground he presently seeks to assert."

We find no error in the district court's holding, based on the record which was then before it.

■ In an unsworn letter-request for rehearing, Karcher alleged generally that his defense was prejudiced by the delay; and that the state's attorney wrongfully induced his plea by threats of longer consecutive sentences if he went to trial. The district court was justified in disregarding these unverified factual allegations, which it did in denying rehearing. See 28 U.S.C. § 2242; Application of Gibson, 9th Cir.

1954, 218 F.2d 320, cert. denied 348 U.S. 955, 75 S.Ct. 445, 99 L.Ed. 746; Dorsey v. Gill, 1945, 80 U.S.App.D.C. 9, 148 F.2d 857, cert. denied 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003. Furthermore, the record shows that Karcher has not attempted to exhaust his available state remedies on these additional grounds, as required by the provisions of 28 U.S.C. § 2254(b). Such exhaustion is a prerequisite to the granting of federal habeas corpus relief to a state prisoner. See Picard v. Connor, 1971, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438; Lee v. Wainwright, 5th Cir. 1972, 468 F.2d 809 [1972]; Williams v. Wainwright, 5th Cir. 1971, 452 F.2d 775; Jackson v. Wainwright, 5th Cir. 1971, 450 F.2d 289. The order appealed from is affirmed.

Affirmed.

---

2. Which the state court ordered to run concurrently with Karcher's federal sentence.