**Howard P. FISHER,**
**Petitioner-Appellee,**

v.

**Jim ROSE and William Leech,**
**Respondents-Appellants.**

No. 84–5646.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 16, 1985.
Decided March 26, 1985.

W.J. Michael Cody, Atty. Gen., John F. Southworth, Jr., Gordon W. Smith (argued), Asst. Attys. Gen., Nashville, Tenn., for respondents-appellants.

Donald Dawson (argued), Asst. Public Defender, Nashville, Tenn., for petitioner-appellee.

Before KEITH, KENNEDY and CONTIE, Circuit Judges.

CONTIE, Circuit Judge.

Respondent Rose appeals the district court's order discharging petitioner Fisher from custody and barring further prosecution by the State of Tennessee. We reverse and remand the case to the district court for further proceedings consistent with this opinion.

## I.

On November 13, 1978, petitioner Howard P. Fisher was convicted by a jury in the Criminal Court of Davidson County on counts of kidnapping for the purpose of committing the offense of robbery and robbery by the use of a deadly weapon. Fisher was sentenced to consecutive life sentences and was incarcerated in the Tennessee State Prison. On April 9, 1980, the Tennessee Court of Criminal Appeals affirmed the convictions, and on July 28, 1980, the Tennessee Supreme Court denied Fisher permission to appeal.

On September 29, 1980, Fisher filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Tennessee, contending that he had been denied his sixth amendment right of confrontation by the trial court's refusal to allow Fisher to cross-examine his codefendant. On October 4, 1982, the district court granted Fisher's petition, ordering that "[i]ssuance of the writ will be stayed for ninety (90) days pending appeal by respondent or, within which time, the State may on its own motion vacate petitioner's conviction and grant him a new trial." On December 23, 1982, the district court, on

respondent's motion, further stayed the granting of the writ "pending the outcome of the respondent's appeal."

On May 5, 1983 this court affirmed the district court's judgment and the mandate was issued on May 27, 1983. On July 17, 1983, the state court appointed counsel and set trial for September 12, 1983. Bond was set at $30,000. On September 12, due to a conflict of interest by counsel, new counsel was appointed and trial was set for March 19, 1984. Trial was subsequently continued to June 4, 1984 when defense counsel was not informed of the March 19 trial date.

On May 22, 1984, Fisher, proceeding *pro se*, petitioned the district court for an order sustaining the writ, citing the state's failure to retry or release him within ninety days of this court's affirmance of the district court order. On about May 22, Fisher was transferred from the Tennessee State Prison to the Metropolitan Workhouse in Nashville and the custody of the Davidson County Sheriff. On June 1, 1984, Fisher, through appointed counsel, moved the district court "to order his release from state custody and bar the state from retrying him on the indictment and charges under which he is presently in custody." Fisher premised his request on the state's unreasonable delay in retrying him, alleging that Fisher's current counsel was unable to locate two key witnesses.

On June 7, 1984, the district court held a hearing and received an affidavit from the deputy court clerk for the Criminal Court of Davidson County in which the clerk recited the above-related facts relative to the state's efforts to retry Fisher. On June 11, 1984, the district court, relying on *Martin v. Rose*, Case No. 82-3737 (M.D.Tenn., May 15, 1984), ordered that Fisher be "discharged from custody and prosecution by the State of Tennessee." The court ordered that "[p]etitioner will be immediately released and the respondents enjoined from further prosecution of Fisher" and that "in the habeas context discharge from custody

means discharge from total custody." Respondents appealed.

## II.

■ While Congress has entrusted to the federal courts the power to dispose of petitions for writs of habeas corpus "as law and justice require," 28 U.S.C. § 2243; *Irvin v. Dowd*, 366 U.S. 717, 728–29, 81 S.Ct. 1639, 1645–46, 6 L.Ed.2d 751 (1961); *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969), we recognize that "holding a conviction invalid and granting the writ do not generally bar retrial on the original charge," *Bromley v. Crisp*, 561 F.2d 1351, 1364 (10th Cir.1977), *cert. denied*, 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 499 (1978). A conditional grant of a writ of habeas corpus requires the petitioner's release from custody if new proceedings are not commenced by the state within the prescribed time period. *United States ex rel. Brown v. Rundle*, 427 F.2d 223, 224 (3d Cir.1970). However, the state is not precluded from rearresting petitioner and retrying him under the same indictment. *Irvin*, 366 U.S. at 728, 81 S.Ct. at 1645. *United States ex rel. Craig v. Myers*, 329 F.2d 856, 860 (3d Cir.1964); *United States ex rel. Lowry v. Case*, 283 F.Supp. 744, 745 (E.D.Pa.1968).

■ A district court's grant of relief is reviewed for abuse of discretion. *Bromley*, 561 F.2d at 1364; *Gurule v. Turner*, 461 F.2d 1083, 1084 (10th Cir.1972); *Gill v. Turner*, 443 F.2d 1064, 1066 (10th Cir. 1971); *Rundle*, 427 F.2d at 224. We conclude that the district court abused its discretion in barring retrial by the state. Less than sixty days after this court issued the mandate affirming the district court's granting of the writ, the state had appointed counsel for Fisher, set bond, and set a trial date. If Fisher had been able to meet the requirements of his bond, he would have been released from detention. These facts indicate that at the time of the July 7, 1984 hearing, Fisher was no longer in custody pursuant to the constitutionally defective judgment of conviction, but was being held pursuant to the indictment.

In *Martin v. Rose*, the district court barred retrial on the ground that the state had failed to retry petitioner within ninety days. While we recognize that delay by the state in retrying petitioners is unfortunate and, in some cases, reprehensible, *Wynn v. Page*, 390 F.2d 545, 546 (10th Cir.1968) ("The indisposition of state authority to act when given the opportunity to do so, if deliberate or persistent, can only serve to frustrate the effectiveness of the Great Writ and would be intolerable in the administration of justice."),[1] we disapprove of *Martin's* conclusion that the state's failure to retry petitioner within ninety days bars further prosecution. 28 U.S.C. § 2254(a) provides that relief is available to a petitioner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Since Fisher was no longer being held pursuant to the constitutionally defective conviction, we conclude that the district court erred in ordering Fisher's release and barring retrial.

## III.

■ Although we conclude that the district court erred in relying on *Martin* in barring Fisher's retrial, Fisher's petitions arguably present a claim that the state's failure to retry Fisher within a reasonable

---

1. We recognize that upon issuance of the writ of habeas corpus, petitioner could no longer be held pursuant to his unconstitutional conviction. However, despite issuance of the writ, petitioner remained incarcerated in the Tennessee State Prison. Since such incarceration resulted from petitioner's previous status as a convicted felon, the district court might properly have required the state to hold petitioner pursuant to his status as a pre-trial detainee instead.

However, since Fisher was apparently moved to the Metropolitan Workhouse in Nashville prior to the proceedings in both the district court and this court, we need not consider this issue. We emphasize, however, that state executive and judicial authorities, in the course of enforcing their criminal codes, must give full and due regard to federal court orders which remedy practices violative of the constitutional rights of the accused.

time after the granting of the writ violated petitioner's due process right to a speedy trial. Since this claim was not specifically considered by the district court, we remand the case for consideration thereof. In remanding, we note that exhaustion of state remedies is required in the absence of unusual circumstances, *Rose v. Lundy,* 455 U.S. 509, 515, 102 S.Ct. 1198, 1201, 71 L.Ed.2d 379 (1982), and has often been required when a petitioner asserts in a petition for a writ of habeas corpus prior to trial that his right to a speedy trial had been violated, *see Atkins v. Michigan,* 644 F.2d 543, 546–47 (6th Cir.), *cert. denied,* 452 U.S. 964, 101 S.Ct. 3115, 69 L.Ed.2d 975 (1981); *United States ex rel. Barksdale v. Sielaff,* 585 F.2d 288, 290 (7th Cir.1978), *cert. denied,* 441 U.S. 962, 99 S.Ct. 2409, 60 L.Ed.2d 1067 (1979); *Brown v. Estelle,* 530 F.2d 1280, 1283 (5th Cir.1976); *Moore v. DeYoung,* 515 F.2d 437, 442–47 (3d Cir. 1975); *Karcher v. Wainwright,* 476 F.2d 179, 180 (5th Cir.1973); *Yoo Kun Wha v. Sheriff of Fulton County,* 436 F.2d 966, 967–68 (5th Cir.1970); *Hutchison v. Casey,* 507 F.Supp. 521, 525 (S.D.Ohio 1981); *Prock v. District Court of Oklahoma County,* 391 F.Supp. 315, 317 (W.D.Okla. 1974); *Crump v. Bedford County Circuit Court,* 360 F.Supp. 606, 607–08 (W.D.Va. 1973). Therefore, we reverse the district court order requiring release and barring retrial, and remand to the district court for consideration of whether petitioner is required to exhaust state remedies on his speedy trial claim and, if necessary, whether he has exhausted state remedies and stated a meritorious claim of constitutional violation.[2]

Accordingly, the judgment of the district court is REVERSED and REMANDED for further proceedings consistent with this opinion.

2. We note that while Fisher's initial petition was filed pursuant to 28 U.S.C. § 2254(a), relief is available under that statute only to a "person in custody pursuant to the judgment of a State court." *See Atkins,* 644 F.2d at 546 n. 1; *Moore,* 515 F.2d at 442; *Lee v. Winston,* 551 F.Supp.

247, 248 (E.D.Va.1982), *modified,* 717 F.2d 888 (4th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1924, 80 L.Ed.2d 470 (1984). Therefore, we construe Fisher's petitions directed to the district court on May 22 and June 1, 1984 as seeking relief pursuant to 28 U.S.C. § 2241.