787 F.2d 591
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RICHARD A. MARTIN, Petitioner-Appellee
v.
JIM ROSE, WARDEN, TENNESSEE STATE PRISON FOR MEN, NASHVILLE,
TENNESSEE, Respondent-Appellant.
 84-5553
 United States Court of Appeals, Sixth Circuit.
 3/4/86
 
 REVERSED AND REMANDED
 
 
 1
 M.D.Tenn.
 
 ORDER
 
 2
 BEFORE: JONES and WELLFORD, Circuit Judges, and GILMORE, District Judge.*
 
 
 3
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs filed by the respective parties, the panel agrees unanimously that oral argument is not needed. Rule 34(a) Federal Rules of Appellate Procedure.
 
 
 4
 The appellant is appealing the order of the district court releasing the appellee from custody and enjoining the state from further prosecution of the appellee. The issue on appeal is whether the district court abused its discretion in enjoining further prosecution.
 
 
 5
 In 1978 the appellee was convicted of first degree burglary, two counts of crimes against nature, and rape. He was granted a writ of habeas corpus on January 18, 1983 based upon ineffective assistance of counsel. The district court's order stated: 'that the state of Tennessee shall try Richard A. Martin within 90 days or he shall be released from custody.' On April 15, 1983, the appellee was freed on $20,000.00 bond pending appeal, pursuant to Rule 23, Federal Rules of Appellate Procedure. The district court order granting the writ was stayed pending appeal. This Court affirmed the decision of the district court on September 16, 1983 and mandate issued on October 10, 1983.
 
 
 6
 The state did not re-try the appellee within the 90 days. An initial trial date was set for April 2, 1984, but this date was moved to May 29, 1984 because of difficulties in serving some of the witnesses.
 
 
 7
 The motion to compel state compliance with the January 18, 1983 order was filed on April 19, 1984. The appellee contended that the state had disregarded the district court's order and had not commenced a trial within 90 days following issuance of this Court's mandate. The district court complied with the appellee's request, and enjoined further state prosecution.
 
 
 8
 The district court's holding in this case was disapproved in Fisher v. Rose, 757 F.2d 789 (6th Cir. 1985). The rationale of Fisher is applicable to this case. Violation of a conditional grant of a writ of habeas corpus can justify the petitioner's release from custody; however, the state is not precluded from rearresting the petitioner and retrying him under the same indictment. Id. at 791. Relief is available to a petitioner only if he is in custody in violation of the Constitution or laws of the United States. The appellant is not being held in custody pursuant to the invalid conviction. He has been released subject to the $20,000.00 federal bond. The federal bond is a manifestation that the conviction has been held invalid. It was improper for the district court to enjoin further prosecution.
 
 
 9
 Accordingly, the portion of the district court judgment enjoining retrial in this case is reversed, and the case is remanded to the district court for disposition in light of Fisher v. Rose, supra. Rule 9(d)(4), Rules of the Sixth Circuit. The appellee will remain on federal bond pending the district court's disposition of this case.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation