803 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles E. Rose, Petitioner-Appellant
v.
TED ENGLE, Supt., Respondent-Appellee
 No. 85-3740.
 United States Court of Appeals, Sixth Circuit.
 Sept. 9, 1986.
 
 Before: MERRITT and MARTIN, Circuit Judges; and BERTELSMAN,* District Judge.
 PER CURIAM.
 
 
 1
 Rose appeals the district court's denial of his motion to stay retrial and to issue the writ of habeas corpus which was previously granted. On December 29, 1982, Rose was granted a writ of habeas corpus. The Sixth Circuit affirmed and issued a mandate which was filed with the district court on February 15, 1984. The state moved for a stay of the mandate on February 20, and the motion was denied. In April, 1984, the state petitioned for certiorari. A motion to stay the Sixth Circuit mandate was granted on May 19, 1984. The Court denied certiorari on February 25, 1985, and notice of that denial was filed in district court on March 21, 1985.
 
 
 2
 Rose was returned to the Warren County Sheriff and released on bail on March 8, 1985. Retrial was scheduled for April 15, 1985, but was continued to September 30, 1985, at Rose's request. On June 6, 1985, Rose filed a motion to stay retrial and to issue the writ of habeas corpus. Rose appeals the denial of the motion.
 
 
 3
 The origial grant of the writ of habeas corpus contains the following provision:
 
 
 4
 The writ of habeas corpus will issue sixty (60) days from the date of the filing of this Opinion and Order unless, within such time, the State initiates proceedings to retry petitioner. If a notice of appeal from the judgment entered in this case is filed, the writ of habeas corpus will not issue until sixty (60) days after the appellate court's mandate is filed in this Court.
 
 
 5
 Rose complains that he should have been released and that retrial is somehow wrong because no stay of mandate issued within sixty days of February 15, 1984, the date that the appeals court mandate was filed in the district court. Nor was retrial scheduled within sixty days of the filing of the mandate. Rose's arguments are meritless.
 
 
 6
 The provision in the order granting Rose's habeas petition does not in any way limit the state's right to retry Rose. Fisher v. Rose, 757 F.2d 789, 791 (6th Cir. 1985). The provision is solely a guide for when, in the procedural life of Rose's case, he must be released on the writ. Id. Retrial is not precluded even after the sixty day limit but must be begun within a reasonable time so as not to violate Rose's due process right to a speedy trial. Id. at 792.
 
 
 7
 Here Rose's retrial was originally scheduled to begin less than two months after the Supreme Court's denial of certiorari and less than one month after that denial was filed in the district court. This was certainly a reasonable interval. Subsequent delays were requested by Rose. Therefore, retrying Rose did not violate his rights.
 
 
 8
 When Rose moved that the retrial be stayed and the writ issue, June 6, 1985, Rose was out on bail pending resolution of the new and valid trial. The issuance of the writ is available only when the petitioner is being held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. Sec. 2254(a). Because Rose was no longer in custody by virtue of the constitutionally invalid conviction, the writ was no longer available.
 
 
 9
 To the extent that Rose is complaining that he should have been released sixty days after the Sixth Circuit mandate, we hold that release or retrial within sixty days of the Supreme Court's denial of certiorari was substantial compliance with the district court's provision in the writ. The district court surely contemplated that the writ would not issue until after final decision by the Supreme Court. To commence retrial before the Supreme Court had ruled would have been an unreasonable waste of judicial resources. The state should have moved pursuant to Fed. R. App. P. 41(b) for a stay of the Sixth Circuit's mandate pending application to the Supreme Court for a writ of certiorari. However, because we find that the original provision in the district court grant of writ contemplated that the writ should not issue until after all appellate action was complete, the failure to obtain a timely stay of the mandate is not problematic.
 
 
 10
 We note that Rose never attempted to have the writ issue between the issuance of the Sixth Circuit mandate and the date of the denial of certiorari, the time period during which he claims that he should have been free.
 
 
 11
 For these reasons, we hold that the district court did not abuse its discretion in its denial of Rose's motion to stay trial and to issue the writ of habeas corpus.
 
 
 12
 We affirm.
 
 
 
 *
 The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation