866 F.2d 1415
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Larry F. DEAN, Petitioner-Appellant,
v.
STATE OF WEST VIRGINIA, Circuit Court of Marion County,
Fairmont, West Virginia, Fred L. Fox, II,
Respondents-Appellees.
 No. 88-6798.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 2, 1988.
Decided: Jan. 30, 1989.
Rehearing and Rehearing In Banc Denied March 17, 1989.
 
 N.D.W.Va.
 DISMISSED.
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. William M. Kidd, District Judge. (C/A No. 88-61-E-K).
 Larry F. Dean, appellant pro se.
 Patrick N. Wilson, County Attorney's Office, for appellees.
 Before DONALD RUSSELL, ERVIN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Larry F. Dean seeks to appeal the district court's order refusing habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. Alleging that he has been denied his right to a speedy trial, Dean seeks injunctive relief to block his pending trial in state court on charges of sexual assault and sexual abuse of a minor.
 
 
 2
 Federal courts do have jurisdiction over habeas corpus petitions brought before trial under 28 U.S.C. Sec. 2241 if state remedies have been exhausted and special circumstances exist. Dickerson v. Louisiana, 816 F.2d 220 (5th Cir.1987), cert. denied, 56 U.S.L.W. 3355 (U.S. Nov. 16, 1987) (No. 87-5549). Dean's petition could be treated as a Sec. 2241 petition, Fisher v. Rose, 757 F.2d 789, 792 n. 2 (6th Cir.1985), and it appears that he may have exhausted the state remedies available at this point. However, he has not demonstrated a special need for the pretrial adjudication of his speedy trial claim in federal court. Where, as here, petitioner simply seeks to abort a state court proceeding by litigating a speedy trial defense in federal court prior to trial, federal jurisdiction does not lie. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Dickerson v. Louisiana, supra; Moore v. DeYoung, 515 F.2d 437 (3d Cir.1975).
 
 
 3
 Accordingly, we deny a certificate of probable cause to appeal, dismiss the appeal, and deny Dean's renewed motion for a preliminary injunction. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 4
 DISMISSED.