902 F.2d 33
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Timothy FLENOY, Petitioner-Appellant,
v.
Harry RUSSELL, Defendant-Appellee.
 No. 89-3326.
 United States Court of Appeals, Sixth Circuit.
 May 8, 1990.
 
 Before KEITH and DAVID A. NELSON, Circuit Judges, and JAMES P. CHURCHILL, Senior District Judge.*
 PER CURIAM.
 
 
 1
 The appellant in this habeas corpus case, Timothy Flenoy, was involved in a shoot-out in which a man was killed. A state court found Mr. Flenoy guilty of murder. Concluding that there had been error of constitutional magnitude in the state trial court's instructions to the jury, the federal district court entered a conditional writ of habeas corpus directing that Mr. Flenoy be released from incarceration unless the state elected to retry him within 90 days.
 
 
 2
 The state opted for a retrial, but failed to go forward with the new trial within the 90-day period fixed in the district court's order. Mr. Flenoy then asked the district court to enjoin any retrial. The district court initially granted such relief, but concluded on reconsideration that it had no power to do so. Mr. Flenoy has perfected a timely appeal from the denial of the injunction.
 
 
 3
 In Fisher v. Rose, 757 F.2d 789 (6th Cir.1985), which presented a factual situation strikingly similar to that in the case at bar, we held that a district court abused its discretion when it barred a retrial after the expiration of a 90-day period for which the original order had contemplated that the petitioner might be held pending a new trial. The judge in the present case read Fisher v. Rose as teaching that the court was powerless to enjoin a retrial under the circumstances presented here. We agree with the district court's reading of Fisher v. Rose, and we find nothing in Hilton v. Braunskill, 481 U.S. 770 (1987), on which Mr. Flenoy relies heavily, to suggest that Fisher v. Rose was wrongly decided. The denial of the injunction will therefore be affirmed.
 
 
 4
 * Following his conviction in the Court of Common Pleas of Cuyahoga County, Ohio, Mr. Flenoy was sentenced to imprisonment for a term of 15 years to life. His conviction was affirmed by an Ohio Court of Appeals, and a motion for leave to take a delayed appeal to the Supreme Court of Ohio was overruled.
 
 
 5
 Mr. Flenoy then filed successive petitions for habeas corpus with the United States District Court for the Northern District of Ohio. In a memorandum opinion and order entered on June 15, 1988, the district court granted the second petition. Respondent Harry Russell, the superintendent of the correctional facility where Mr. Flenoy was serving his sentence, was ordered to release Mr. Flenoy from incarceration "unless the State of Ohio, within ninety (90) days of this order, elects to retry Flenoy." A separate judgment order directed the state to "retry Flenoy within 90 days from the date of this order or release him from custody."
 
 
 6
 A motion to alter or amend was denied, and the state did not appeal. By agreement, the state common pleas court scheduled a new trial on the charge of murder for December 19, 1988. When the appointed day arrived, the prosecuting attorney sought a continuance. Over objection, the common pleas court granted a continuance to February 27, 1989.[1]
 
 
 7
 Mr. Flenoy then moved the district court for "a final order of discharge" designed to prevent a retrial. The district court decided initially that the state had forfeited its opportunity to retry Mr. Flenoy. That decision was retracted, however, after the state invited attention to our decision in Fisher v. Rose. There, as the district court noted, we held that although a writ of habeas corpus may require a release from custody if new proceedings are not instituted within the time fixed by the court, "the state is not precluded from rearresting petitioner and retrying him under the same indictment." 757 F.2d at 791. The district court noted that it had been advised that "Flenoy remains incarcerated pursuant to a state court finding that he violated the conditions of parole imposed for commission of a previous offense." Disclaiming any intent to interfere with the state court parole revocation, the district court went on to conclude that it had no power, under Fisher v. Rose, to bar a subsequent prosecution of Mr. Flenoy. On a subsequent motion to alter or amend, the court adhered to its refusal to enjoin the retrial. This appeal followed.
 
 II
 
 8
 The habeas petitioner in Fisher v. Rose had been sentenced to life imprisonment after conviction in a state court on kidnapping and robbery charges. Finding that the conviction was constitutionally defective because of a denial of the Sixth Amendment right of confrontation, a federal district court decided to grant a writ of habeas corpus directing the petitioner's release; the court stayed the writ for 90 days, however, pending appeal or the granting of a new trial. The state appealed to this court unsuccessfully. Within 60 days after the issuance of this court's mandate, the state appointed trial counsel for the petitioner, scheduled a new trial for a date some 108 days after issuance of the mandate, and set bond at $30,000. The petitioner evidently failed to post bond, so he was not released. Because of a conflict of interest on the part of counsel, the trial did not go forward when scheduled. New counsel was appointed, and the trial was postponed more than six months. It was then continued again because counsel had not been informed of the trial date. The petitioner thereafter sought and obtained a federal district court order directing his immediate release and enjoining the state from prosecuting him.
 
 
 9
 Notwithstanding delays that substantially exceeded the delay in this case, we concluded that the district court had erred in entering such an order. The "only" ground on which a writ of habeas corpus may be issued under 28 U.S.C. Sec. 2254(a), we noted, is that the person seeking the writ is in custody in violation of the Constitution or laws or treaties of the United States. 757 F.2d at 791. (See also 28 U.S.C. Sec. 2241(c)(3): "The writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States....") Because the petitioner in Fisher v. Rose was no longer being held pursuant to the constitutionally defective conviction, there was no ground for relief.
 
 
 10
 In the case at bar similarly, the district court indicated that Mr. Flenoy was being held pursuant to a revocation of parole imposed in connection with an earlier offense, and not pursuant to his constitutionally defective conviction for murder. This finding has not been seriously challenged on appeal. Even if there had been no parole revocation, moreover, it would not necessarily follow that the district court could enjoin a retrial, as opposed to simply ordering Mr. Flenoy's release until such time as the state might have a legitimate basis for detaining him.
 
 
 11
 Mr. Flenoy contends that Fisher was improperly applied or wrongly decided, but the cases he cites do not support him. Irvin v. Dowd, 366 U.S. 717, 728 (1961), for example, explicitly states that although habeas corpus relief had been granted, the petitioner in that case was "still subject to custody under the indictment ... and may be tried on this or another indictment." Hilton v. Braunskill, 481 U.S. 770 (1987), made it clear that pending appeal, federal courts have broad discretion to stay the release of state prisoners who have petitioned successfully for habeas corpus relief. The fact that courts have discretion to let successful petitioners be kept in prison during appeal tells us nothing at all as to whether courts have discretion to order that successful petitioners not be retried.
 
 
 12
 It is true that in Fisher v. Rose, after stating that "[a] district court's grant of relief is reviewed for abuse of discretion," we concluded that "the district court abused its discretion in barring retrial by the state." 757 F.2d at 791. One can imagine circumstances under which the bar of a retrial would not represent an abuse of discretion--e.g., where a new trial would violate the petitioner's due process right to a speedy trial, see 757 F.2d at 791-92, or where a violation of the Double Jeopardy Clause is threatened--but the mere fact that a new trial has not been held within the time period for which continued imprisonment was authorized cannot, by itself, justify the court in doing anything more than ordering the prisoner released once the prescribed time for keeping him in prison has expired.
 
 
 13
 Mr. Flenoy also contends that retrying him would violate Ohio's speedy trial statute, Ohio Rev.Code Sec. 2941.71. This is not for us to decide. "Whether a state violated its own statutes is a question of state law for determination by state courts." Powers v. White, 680 F.2d 51, 52 (8th Cir.1982). "[F]ederal consideration of a claim that a state has violated its own speedy trial rules is limited to a determination of whether the state's action has violated Petitioner's constitutional right to a speedy trial or to due process." Millard v. Lynaugh, 810 F.2d 1403, 1406 (5th Cir.), cert. denied, 484 U.S. 838 (1987). Even if we construe petitioner's argument as a claim that his Sixth and Fourteenth Amendment rights were violated by the delay before his retrial, we still must reject it, without prejudice, because he has not yet exhausted his state remedies. See Rose v. Lundy, 455 U.S. 509, 515 (1982); Atkins v. Michigan, 644 F.2d 543, 544-47 (6th Cir.), cert. denied, 452 U.S. 964 (1981).
 
 
 14
 The judgment is AFFIRMED.
 
 
 
 *
 The Honorable James P. Churchill, United States Senior District Judge for the Eastern District of Michigan sitting by designation
 
 
 [1]
 The district court suggested that the prosecutor might have led the common pleas court to grant a continuance on the basis of an incorrect understanding of the procedural posture of the case. We express no opinion on this