980 F.2d 731
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Homer Lee SHERLEY, Jr., Petitioner-Appellant,
v.
William SEABOLD, Warden of the Kentucky State Penitentiary;
Frederic J. Cowan, Attorney General of the
Commonwealth of Kentucky, Respondents-Appellees.
 No. 92-5384.
 United States Court of Appeals, Sixth Circuit.
 Nov. 23, 1992.
 
 Before KENNEDY, BOYCE F. MARTIN, Jr. and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Homer Lee Sherley, Jr., a Kentucky prisoner, appeals the district court's order which amended a conditional writ of habeas corpus granted under 28 U.S.C. § 2254 by allowing the commonwealth 60 additional days in which to initiate new criminal proceedings against him. The appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Sherley has moved for oral argument. Upon examination, however, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 The district court initially granted Sherley's habeas corpus petition because his Sixth Amendment rights had been violated by the admission of hearsay testimony. That opinion was affirmed by this court on appeal. Sherley v. Seabold, 929 F.2d 272, 275 (6th Cir.1991). The commonwealth did not take steps to retry Sherley within 90 days of this court's mandate as prescribed by the conditional writ. However, the commonwealth subsequently moved for an amendment of the writ to allow additional time in which to commence a retrial. On February 14, 1992, the district court granted the commonwealth's motion pursuant to Fed.R.Civ.P. 60(b)(6). It is from this judgment that Sherley now appeals.
 
 
 3
 The district court's discretion to grant relief under Rule 60(b)(6) is especially broad because of the equitable principles involved in its decision. Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989). The court did not abuse its discretion in the present case. First, the court's order allows a decision on the merits of Sherley's criminal case by the state courts. Second, there is no evidence that the commonwealth was deliberately dilatory in seeking a retrial. Third, the relief afforded by the conditional writ was merely a release from illegal custody, not a complete bar to retrial. See Fisher v. Rose, 757 F.2d 789, 791 (6th Cir.1985). Finally, it does not appear that Sherley was prejudiced by the court's order, as it appears that bail was set for him in December of 1991.
 
 
 4
 Accordingly, Sherley's motion for oral argument is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.