NOT RECOMMENDED FOR PUBLICATION
File Name: 07a0806n.06
Filed: November 15, 2007

No. 06-4546

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Stephen McKitrick, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| Rob Jeffreys, Warden, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE:     Merritt, Rogers, and McKeague, Circuit Judges.

**MERRITT, Circuit Judge.**  In this habeas case, Stephen McKitrick pled guilty in January 2006 to kidnapping and robbery in Hancock County, Ohio, Court of Common Pleas after he broke into the home of his former landlord, an elderly woman, and robbed her.  He was ordered to serve consecutive sentences of eight years for kidnapping and four years for robbery.  On May 10, 2006, the district court granted a conditional writ of habeas corpus after finding that the state had violated McKitrick's Fifth Amendment right to be free from Double Jeopardy and his Sixth Amendment right to effective assistance of counsel.  The writ ordered that the State of Ohio either release McKitrick or resentence him within 90 days: "[T]his Court . . . orders that Petitioner be released from prison unless the Hancock County, Ohio, Court of Common Pleas resentences him within ninety days of the entry of this Order."  Memorandum Opinion of District Court at 23, J.A. at 96.

The State of Ohio initiated proceedings to resentence McKitrick, but did not actually resentence him until 91 days after entry of the district court's order. Based on this one-day delay, McKitrick filed a motion with the district court that issued the conditional writ requesting that the district court order his immediate release from state custody due to the state's failure to comply precisely with the terms of the conditional writ. The district court denied McKitrick's request, concluding that the state substantially complied with the terms of the conditional writ and release was not mandatory. McKitrick sought and was granted a certificate of appealability on that issue only.

Despite the limited nature of the Certificate of Appealability, McKitrick raises three issues on appeal. First, he contends that the district court erred in not ordering his immediate release from custody due to the state's failure to strictly comply with the terms of the writ. Second, he requests injunctive relief barring the state from resentencing him in the future and, third, he contends that the state violated his constitutional rights during the resentencing proceeding. As to the first issue, for the reasons set forth below we agree with the district court that the State substantially complied with the district court's order and affirm the judgment below. The second and third issues were not raised below and are not the subject of the district court order at issue in this appeal. They are not, therefore, properly before us and we decline to address them herein.

## The Conditional Writ

Conditional grants of the writ of habeas corpus provide the state with a window of time within which it may cure the constitutional error. *Satterlee v. Wolfenbarger*, 453 F.3d 362, 369 (6th Cir. 2006). District courts rightly favor conditional grants of the writ, which, in addition to

providing the state an opportunity to cure its constitutional errors, maintain comity among co-equal sovereigns. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). "[T]he sole distinction between a conditional and an absolute grant of the writ of habeas corpus is that the former lies latent unless and until the state fails to perform the established condition, at which time the writ springs to life." *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir.), *cert. denied*, 127 S. Ct. 838 (2006). Accordingly, "[w]hen the state fails to cure the error, *i.e.*, when it fails to comply with the order's conditions, '[a] conditional grant of a writ of habeas corpus requires the petitioner's release from custody.'" *Satterlee*, 453 F.3d at 369 (quoting *Fisher v. Rose*, 757 F.2d 789, 791 (6th Cir. 1985)).

Despite the seemingly rigid language on which Petitioner relies for his request, *Satterlee* does not require immediate release in all cases where a term of the conditional writ was not performed precisely as ordered. The district court may make exceptions when the state has "substantially complied" with the terms of the order. So, while conditional grants of the writ of habeas corpus "would be meaningless if a habeas court could not order a noncompliant state to release a prisoner," *id.* at 369 n.5, the conditional nature of the writ also places within the district court the power to determine that its order has been substantially complied with and release is not warranted .

McKitrick's motion essentially asked the district court to make its conditional writ order absolute. District courts retain jurisdiction to execute their judgments if necessary – in other words, they may change their "conditional" orders into absolute orders if the state does not fulfill the mandate directed in the habeas court's order. A habeas court has broad discretion in fashioning habeas relief and may dispose of petitions as "law and justice require." 28 U.S.C. § 2243. This broad discretion inherent in a district court's habeas powers includes the ability to evaluate whether

the state has provided a legitimate reason for its delay in executing the conditions set forth in the writ. *Gentry*, 456 F.3d at 692 ("A federal district court retains jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case."); *Gibbs v. Frank*, 500 F.3d 202, 208 (3d Cir. 2007) (same).

When a petitioner alleges noncompliance with a conditional order, the district court must make a finding concerning the sufficiency of the action that the state has taken pursuant to the district court's mandate, and it must also evaluate the prejudice to the petitioner by any noncompliance. *See Phifer v. Warden, United States Penitentiary, Terre Haute, Ind.*, 53 F.3d 859, 864-65 (7th Cir. 1995). Substantial compliance with the terms of the order may be sufficient. For example, in *Santos-Rosario v. Renico*, No. 05-CV-70456, 2006 WL 847111, at *1-2 (E.D. Mich. Mar. 30, 2006), the district court denied the petitioner's request to make the writ absolute even though the state failed to comply with the precise terms of the district court's order. The district court held that the state had substantially complied with the conditions by appointing counsel for defendant two weeks *after* the 90-day time frame directed in the district court's order.

The Sixth Circuit has approved a district court's finding of "substantial compliance" with a conditional writ. *Rose v. Engle*, No. 85-3740, 1986 WL 16122 (6th Cir. Sept. 9, 1986) (release or retrial within 60 days of the Supreme Court's denial of certiorari was substantial compliance with the Sixth Circuit's order to retry or release petitioner where the state timely pursued avenues of appeal). *See also Gentry*, 456 F.3d at 692 (citing with approval *Santos-Rosario v. Renico*, 05-CV-70456, 2006 WL 847111, at *1-2 (E.D. Mich. Mar. 30, 2006)).

We agree with the district court that the State of Ohio substantially complied with the order to resentence McKitrick during the ninety-day window of time that the district court provided for curing the sentencing error. Counsel was appointed for McKitrick in early June and the resentencing hearing was set for July 19. Due to a continuance, the sentencing hearing was not held until August 4, 2006, and McKitrick was orally sentenced on August 9, 2006, one day after expiration of the 90-day window set by the district court. The Judgment Entry imposing the new sentence was filed on August 28, 2006, well within the thirty-day time frame established under the Rule 7(A) of Superintendence for the Courts of Ohio for the journalization of a resentencing entry. The State did not simply ignore the district court's order and take no action. Counsel was appointed and a hearing date set well within the 90-day time frame. Had the resentencing hearing taken place as originally scheduled, it likely would have been completed and the resentencing order entered as a judgment within the 90-day time frame.

What the district court did here was essentially to grant the state an extension of time to comply with the conditional writ. Although it is preferable for the state to request an extension of time from the district court before the time for compliance expires if the state realizes that the terms of the conditional writ will not be fulfilled within the time frame specified, it is also within the district court's discretion to grant an extension *post-hoc* if the time for compliance has passed. *See Chambers v. Armontrout*, 16 F.3d 257, 261 n.2 (8th Cir. 1994). Here, the district court evaluated the state's compliance with its conditional order and found the state had sufficiently complied with the order. We see no abuse of discretion in that ruling by the district court.

**Other Issues Raised by Petitioner on Appeal**

As briefly noted above, McKitrick raises two other issues on appeal. However, the Certificate of Appealability for this appeal raises only the issue concerning his release based on the language on the conditional writ and that is the only issue properly before us. McKitrick's concerns about the constitutionality of his resentencing must be first addressed by the state court, and McKitrick is apparently pursuing an appeal in the state court. Once the issues related to the resentencing have been exhausted in state court, McKitrick may file a new federal habeas petition challenging the resentencing, but that issue is not properly before us in this appeal. Our jurisdiction at this point extends only to a ruling on whether the district court exercised proper discretion in denying McKitrick's request to order his release from prison. As for McKitrick's injunction request, the issue was neither raised before nor ruled upon by the district court. It is therefore not properly before us on appeal and we decline to address it.

For the foregoing reasons, we affirm the judgment of the district court.